804 So.2d 791 (2001)
STATE of Louisiana
v.
Brian M. LANDRY.
State of Louisiana
v.
Brian M. Landry.
Nos. 2001-KA-0784, 2001-KA-0785.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2001.
Rehearing Denied January 30, 2002.
*792 Kim C. Jones, Richard A. Tonry, Michael C. Ginart, Jr., Law Office of Tonry & Ginart, Chalmette, LA, Counsel for Defendant/Appellant.
Court Composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, and Judge MAX N. TOBIAS, JR.
MAX N. TOBIAS, Jr., Judge.
On 17 October 1999, Brian M. Landry ("Landry") was arrested for operating a motor vehicle while intoxicated, a violation of La. R.S. 14:98, and for operating a motor vehicle with an expired inspection tag, a violation of La. R.S. 32:53. The district attorney formally charged Landry on 3 January 2000 and Landry entered pleas of not guilty. Following a bench trial, the court found Landry guilty on both charges, and Landry appealed. The record does not reflect that Landry has been sentenced on either charge.

ERRORS PATENT
Although no errors patent are present, we note that the crimes for which Landry was convicted are misdemeanors. Therefore, Landry has no right of appeal. La. C.Cr.P. art. 912.1B. He does, however, have a right of judicial review by application for a supervisory writ of review. La. C.Cr.P. art. 912.1C(1). If the matters were appealable, this Court could not consider the appeals because Landry has not *793 been sentenced. In the interest of judicial economy and justice, we convert his appeals to an application for supervisory writ of review.

FACTS, LAW, AND DISCUSSION
On 17 October 1999, Louisiana State Police Trooper R. Eskine ("Eskine") was travelling on Paris Road in St. Bernard Parish in a fully marked vehicle when he observed another vehicle driven by Landry heading in the same direction. He did not note the make, model or year of the Landry vehicle, but did note that Landry was not wearing a seat belt. He stopped Landry's vehicle and asked Landry for his driver's license, proof of insurance and registration. He then noticed that the inspection sticker had expired. Eskine next instructed Landry to exit his vehicle at which point he noticed a "moderate odor of unknown alcoholic beverage coming from his breath." He performed a standardized field sobriety test, which included a horizontal gaze nystagmus, a walk and turn test, and a one leg stand test. Based upon the test results, Eskine concluded that Landry was either intoxicated or impaired, even though Landry denied consuming any alcohol. Eskine was arrested and transported to St. Bernard Parish lockup. He declined to take a breathalyzer test, asserting that he had not been drinking. In addition, the evidence reflects that the Landry vehicle was a 1980 Toyota Corolla.
Landry assigns as error that he was arrested without probable cause. In support of his argument he cites the case of State v. Barbier, 98-2923 (La.9/8/99), 743 So.2d 1236, wherein the Louisiana Supreme Court held that the stopping of a motor vehicle for the sole purpose of a violation of La. R.S. 32:295.1 cannot be used as a basis for probable cause for another violation of law. Landry's reliance on the Barbier decision, however, is misplaced because the Louisiana Legislature amended La. R.S. 32:295.1 by Acts 1999, No. 1344; the amendment became effective August 15, 1999.
At the time of Landry's arrest, La. R.S. 32:295.1, relevant to safety belt use, in pertinent part, provided:
A. (1) Each driver of a passenger car, van, or truck having a gross weight of ten thousand pounds or less, commonly referred to as a pickup truck, in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion. The provisions of this Section shall not apply to those cars, vans, or pickups manufactured prior to January 1, 1981.
* * *
F. Probable cause for violation of this Section shall be based solely upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by this Section. A law enforcement officer may not search or inspect a motor vehicle, its contents, the driver, or a passenger solely because of a violation of this Section. [Emphasis supplied.]
Eskine testified that the sole reason Landry was stopped was because he was not wearing a seatbelt. Clearly, the 1999 amendment to La. R.S. 32:295.1 authorizes a law enforcement officer to stop a motorist, who otherwise is abiding by the law, for failure to wear a safety belt. Thus, Eskine's stop of Landry was legal. Eskine then asked Landry for his driver's license and proof of insurance. At that point he noticed the expired inspection tag. He then ordered Landry out of the vehicle and noticed the odor of alcohol emanating from Landry's breath. Once Eskine detected the smell of alcohol, he had reasonable suspicion to detain Landry and conduct the field sobriety tests. That Landry *794 was driving a vehicle manufactured prior to 1 January 1981 is relevant only to the extent that La. R.S. 32:295.1 prohibited Eskine from issuing Landry a citation for failure to wear a seatbelt.
Next, we address whether the evidence was sufficient to convict Landry of operating a vehicle while intoxicated.
In State v. Ash, 97-2061, pp. 4-5 (La. App. 4 Cir. 2/10/99), 729 So.2d 664, 667-68, this Court set forth the standard of review applicable to a claim that the evidence produced was constitutionally insufficient to support a conviction:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
La. R.S. 14:98, relevant to operating a vehicle while intoxicated, provides, in part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(c) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.
Thus, to convict an accused of operating a vehicle while intoxicated, the prosecution need only to prove that the defendant was operating a vehicle and that the defendant was under the influence of alcohol or drugs. State v. Finch, 31,888 (La.App. 2 Cir. 5/5/99), 733 So.2d 716. It is not necessary that a conviction of driving while intoxicated be based upon a breath or blood alcohol test. State v. Holley, 32,156 (La. App. 2 Cir. 8/18/99), 742 So.2d 636. The observations of the arresting officer may be sufficient to establish the defendant's guilt. State v. Finch, supra. Some behavioral *795 manifestations of intoxication independent of any scientific test are sufficient to support a charge of driving while intoxicated. State v. Iles, 96-256 (La.App. 3 Cir. 11/6/96), 684 So.2d 38. Whether the behavioral manifestations of intoxication are sufficient to support the charge of driving while intoxicated must be determined on a case-by-case basis. State v. Deroche, 95-0376 (La.App. 1 Cir. 4/10/96), 674 So.2d 291.
In State v. Smith, 93 1490 (La.App. 1 Cir. 6/24/94), 638 So.2d 1212, the court found the evidence sufficient where the officer testified that the defendant smelled of alcohol, his speech was slurred and deliberate, his eyes were bloodshot, he was staggering, he admitted that he had consumed four beers, he was uncooperative and aggressive after being arrested, and he refused to take the breath test. Similarly, a DWI conviction was supported by the evidence when the trooper observed the defendant's erratic driving, physical appearance, slurred speech, and behavior. The defendant failed the field sobriety tests. He attempted to hide a vodka bottle under the back seat of his truck, and he admitted he had drunk alcohol. State v. Worachek, 98-2556 (La.App. 1 Cir. 11/5/99), 743 So.2d 1269. Also, in State v. Minnifield, 31,527 (La.App. 2 Cir. 1/20/99), 727 So.2d 1207, the evidence was sufficient where the officer observed the defendant weave out of the traffic lane three times; he staggered, slurred, smelled of alcohol, and gave a false name; a second officer indicated that the defendant failed the horizontal gaze nystagmus test.
By contrast, in State v. St. Amant, 504 So.2d 1094 (La.App. 5 Cir.1987), an arresting officer's statement that the defendant smelled of alcohol, was unsteady on her feet, and seemed confused was insufficient to sustain the State's burden where the defendant did not appear intoxicated on a video recording of the field sobriety test. Similarly, in State v. Sampia, 96 1460 (La. App. 1 Cir. 6/20/97), 696 So.2d 618, the defendant's conviction was not supported despite the arresting officer's observations that the defendant who was involved in an accident smelled of alcohol, had slurred speed, and swayed slightly. The officer did not observe the defendant until almost four hours after the accident and the defendant's speech and swaying could have been attributable to factors other than intoxication, such as her emotional state.
In the instant case, Eskine testified at trial that before administering the field sobriety tests he personally demonstrated each test to Landry. While Landry performed the horizontal gaze nystagmus test, Eskine noted that his eyes moved in a "jumping or nonflowing manner" rather than a smooth manner, with nystagmus indicated at forty-five degrees and at full deviation. In Eskine's opinion, such a result indicated intoxication or impairment.
Regarding the walk and turn test, Eskine testified that he told Landry to place his right foot in front of his left foot, heel to toe, and to take nine steps while counting out loud and keeping his hands at his sides. He further explained that, at the turn, he told Landry to keep his front foot stationary while taking small steps with his back foot in a pivotal motion; Landry then had to walk nine steps forward in the opposite direction. Eskine testified that the test was performed on a flat surface, and that Landry indicated that he had no injury that would impair his ability to take the test. When Landry performed the test, Eskine noted that he took the first nine steps, but failed to pivot. Instead Landry walked nine steps backwards. Eskine also noted that Landry failed to walk heel to toe. In his opinion, Landry's performance indicated intoxication or impairment.
*796 In the third test, the one leg stand, Eskine told Landry to extend either leg six to eight inches off the ground, point his toe, keep his hands by his sides, look at the pointed toe, and count from 1001 to 1030. Eskine noted that when Landry performed the test, he raised his hands from his side and put his foot down at counts four, five and twenty. Again, based on the results, Eskine concluded Landry was intoxicated or impaired.
Eskine also testified that Landry's "balance was in a swaying mode, and his speech was fair. Like, he might have had a slight slur or stutter. He stuttered at one point or another."
On cross-examination, Eskine testified that he relied on his natural sense of smell when he detected alcohol on Landry's breath, acknowledging that the odor might have been nonalcoholic beer or mouthwash. He also testified that the horizontal gaze nystagmus test is only 77 percent reliable. As to the walk and turn test, he acknowledged that, of the nine indicators of intoxication, he marked only one, and that the test is only 68 percent reliable. Regarding the one leg stand test, Eskine admitted that he marked only two of five possible indicators of intoxication.
Landry, on the other hand, testified that he had had only Coke, Sprite or water to drink the night in question. He admitted that he did not have his seat belt on at the time and had an expired inspection tag. He corroborated Eskine's testimony that Eskine performed each of the three tests prior to administering them. However, contrary Eskine's testimony, Landry testified that, regarding the walk and turn test, he walked backwards because Eskine had walked backwards in the demonstration. Landry also testified that Eskine told him he could raise his arms slightly for balance during the one leg stand test.
The record discloses that the trial judge gave no oral or written reasons for finding Landry guilty of operating a vehicle while intoxicated. As discussed above, it is the duty of the trial court to assess the credibility of the witnesses and weigh conflicting testimony. Obviously, the trial court found Trooper Eskine to be a credible witness and accepted his testimony regarding the field sobriety tests rather than Landry's. Thus, we decline to disturb the trial court's determinations that Landry was guilty of operating a motor vehicle while intoxicated and operating a motor vehicle with an expired inspection tag.
Accordingly, for the foregoing reasons, Landry's appeal is converted to an application for supervisory writs. The writ is granted and relief is denied.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED.
J. JONES concurs with reasons.
JONES, J., concurs with reasons.
I agree with the majority in that the Relator is guilty of driving under the influence and that he is guilty of driving with an expired inspection tag.
The Relator's vehicle is a 1980 Toyota. The applicable statute requiring motorists to wear a seatbelt applies only to vehicles manufactured after January 1981. Thus, because the statute does not apply to him, the Relator was not in violation thereof and his vehicle should not have been stopped.
However, the Relator did not file a Motion to Quash the Bill of Information, nor a Motion to Suppress the Evidence, his conviction for driving under the influence and for driving with an expired inspection tag must be maintained. The evidence of guilt was competent and sufficient for a trier of fact to find him guilty.
*797 Thus, for the reasons herein, I must respectfully concur.