847 So.2d 99 (2003)
STATE of Louisiana, Appellee,
v.
Johnny Dale BARNARD, Appellant.
No. 37,032-KA.
Court of Appeal of Louisiana, Second Circuit.
May 14, 2003.
*100 James E. Beal, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, Jonathan M. Stewart, Assistant District Attorney, for Appellee.
Before CARAWAY, PEATROSS and MOORE, JJ.
CARAWAY, J.
The defendant in this case was stopped for a minor traffic violation and determined during the stop to be intoxicated. He pled guilty to one count of driving while intoxicated, fourth offense, La. R.S. 14:98(E), preserving his right to appeal the denial of a motion to suppress.[1] After the trial court sentenced him to ten years at hard labor, with all but sixty days of the sentence suspended, and a $5,000 fine, the defendant appealed his conviction. We affirm.

Facts
Shortly after midnight on March 4, 2002, Ringgold Police Officer Jeffrey Todd Dean observed Barnard driving northbound on Hill Street in Ringgold, Louisiana, with a female passenger. Officer Dean suspected the passenger was Danielle Matchum, who had an outstanding warrant for her arrest. Officer Dean watched as the defendant, Johnny Dale Barnard, stopped his vehicle in the middle of his lane of traffic, thereby blocking the right of way. Officer Dean stated that after approximately one minute, the passenger got out of the car and went into a trailer home. Officer Dean was then able to identify the passenger as Matchum.
The Hill Street location was a high crime, dimly lit area. After letting his passenger out, Barnard proceeded north on Hill Street, a dead end street with no center line, and turned his vehicle around. Officer Dean recalled no other traffic on the street at that time.
Officer Dean followed Barnard in his patrol vehicle, eventually stopping him about a quarter of a mile down Hill Street in a safer, fully lit area. Officer Dean stopped Barnard "to warn him, to talk to him about, you know, not parking in the road, and to ask him not to do it again." Officer Dean testified that he did not intend to issue a citation. Officer Dean and Barnard each exited their vehicles and met between them. When Officer Dean approached Barnard, he noticed the strong odor of alcohol about Barnard's body and on his breath. Barnard also appeared unsteady because he was swaying slowly back and forth. Officer Dean asked Barnard if he had been drinking, but did not recall his initial response. Officer Dean called for backup and Bienville Parish Sheriff's Deputy Anthony Toms arrived. *101 Officer Dean administered field sobriety tests to Barnard while Deputy Toms videotaped the test. When Barnard performed poorly on the tests, Officer Dean arrested him. A subsequent breath test, administered at the sheriff's department, registered Barnard's blood alcohol level at .183 grams percent.
At the hearing on the motion to suppress, Officer Dean testified that he had previously ticketed two other persons for stopping in the middle of Hill Street to let passengers out. He stated that he considers various factors before deciding to ticket someone or warn them for stopping in the middle of the road. Officer Dean claimed that Matchum's outstanding warrant did not influence his decision to stop Barnard, although he may have stopped the car because Matchum had been a passenger. He also admitted that he may have talked to Barnard about Barnard getting Matchum from the trailer and bringing her to Officer Dean.
Defense witness, Ringgold Police Chief Jack Bussey, testified that people commonly parked on the side of Hill Street due to the narrow shoulder. In that situation, if there was no other traffic, he would not expect an officer to make a traffic stop. Nevertheless, Chief Bussey testified that drivers should not stop in the middle of the road, and ordinarily would be stopped by an officer if they did. Chief Bussey confirmed that Barnard stopped in a location which was not well lit and in a high crime area. Chief Bussey agreed that he too would probably have made a "slow pursuit" and waited until reaching a safer area before stopping Barnard.
Jennifer Barnard, the defendant's sister, testified that Officer Dean offered to release Barnard if she brought Matchum to the station. Her boyfriend, Roderick Holman, testified that Officer Dean told him he stopped Barnard's car because Matchum was a passenger.
Barnard filed a motion to suppress all evidence seized as a result of the stop, including all field sobriety and breath test results. After a hearing, the trial court orally denied the motion to suppress. Following his guilty plea, this appeal ensued.

Discussion
Barnard argues that Officer Dean stopped him without probable cause or a reasonable suspicion that he was committing, about to or had committed a crime. He claims no crime occurred because traffic was not impeded by his stopping on Hill Street. He also points out that vehicular traffic could still pass in the opposite lane of travel. Barnard contends that his traffic stop was merely an impermissible pretext to arrest Barnard's passenger.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution of 1974 prohibit unreasonable searches and seizures. A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29 (La.1985); State v. Lain, 347 So.2d 167 (La.1977). The state bears the burden of proving one of these exceptions applies. La.C.Cr.P. art. 703(D); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Tatum, supra.
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address and an explanation of his actions. La. C. Cr. P. art. 215.1. An officer may also, without a warrant, arrest a person when the person *102 has committed an offense in his presence. When the arrest is for a misdemeanor, it must be made immediately or on close pursuit. See La.C.Cr.P. art. 213(1). It is also proper for an officer to compel or instruct a motorist to comply with the law. See La.C.Cr.P. art. 215.1(D).
As a general matter, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053, citing Whren v. U.S., 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) (citations omitted). The standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer. Whren, 517 U.S. at 813, 116 S.Ct. at 1774. This objective standard is indifferent to the relatively minor nature of a traffic violation. Although they may serve, and may often appear intended to serve, as the prelude to the investigation of a much more serious offense, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. Id.
In Louisiana, a person is prohibited from operating or driving a motor vehicle upon the highways at such a slow speed as to impede the normal and reasonable movement of traffic except under certain special circumstances which may require lower speed. La. R.S. 32:64(B). Likewise, Louisiana law prohibits a person from wilfully obstructing the free, convenient and normal use of any public street, road or highway by impeding, hindering, stifling, retarding or restraining traffic or passage thereon. La. R.S. 14:100.1. Both crimes are misdemeanors. La. R.S. 32:57.
Officer Dean testified that he saw Barnard stop and obstruct public passage. This is sufficient to establish probable cause for a traffic violation. Barnard nevertheless argues that since no traffic was actually impeded, no crime was committed. Such argument concerning the interpretation of the criminal statute, however, even if correct, does not detract from the existence of probable cause for arrest. While we do not interpret the traffic statute so narrowly, the evidence indicates that Officer Dean had probable cause to make the traffic stop in this case.
Despite the relatively minor nature of the offense, such a traffic violation gave Officer Dean an objectively reasonable basis for stopping Barnard's vehicle for the purpose of issuing a citation or instructing or warning him to comply with the law. Questions concerning Officer Dean's subjective beliefs about Matchum or why he waited momentarily before stopping Barnard are not relevant to this Fourth Amendment analysis. Waters, supra, citing Whren, supra. Because Officer Dean acted lawfully in stopping Barnard to engage him in conversation and warn him regarding the traffic violation, the "suspicion of additional criminal activity" which materialized while he conducted the stop appropriately led to admissible evidence of Barnard's intoxication. La.C.Cr.P. art. 215.1(D).
A trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Normandin, 32,927 (La.App.2d Cir.12/22/99), 750 So.2d 321, 324, writ denied, 00-0202 (La.9/29/00), 769 So.2d 550; State v. Williams, 98-1006 (La.App. 5th Cir.3/30/99), 735 So.2d 62, 73, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118. In this matter, we can find no abuse of discretion in the trial court's denial of Barnard's motion to suppress.
*103 Barnard's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The plea was obtained in accordance with State v. Crosby, 338 So.2d 584 (La.1976).