962 So.2d 506 (2007)
STATE of Louisiana, Appellee,
v.
Michael L. TRIPLET, Appellant.
No. 42,357-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
Rehearing Denied September 13, 2007.
*507 Bobby L. Culpepper, Jonesboro, for Appellant.
Walter E. May, Jr., District Attorney, Douglas L. Stokes, Jr., Kenneth P. Haines, Assistant District Attorneys, for Appellee.
Before BROWN, CARAWAY, and MOORE, JJ.
BROWN, Chief Judge.
Defendant, Michael L. Triplet, was charged with possession of methamphetamine, a Schedule II controlled dangerous substance, a violation of La. R.S. 40:967(C). He pled guilty as charged but reserved his right to appeal a denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Finding no error, we affirm defendant's conviction and sentence.

*508 Facts

Just before midnight on May 15, 2004, defendant, Michael L. Triplet, was stopped by a Jonesboro police officer. Following a search of his pickup truck, he was arrested and then charged by bill of information with one count of possession of methamphetamine, a Schedule II CDS. On May 26, 2005, defendant filed a motion to suppress "all the evidence" in the case on the basis that it was obtained as a result of an illegal search of his vehicle. The motion to suppress initially came for hearing on August 9, 2005, and the state presented the testimony of Jon Thomas, the arresting officer from the Jonesboro Police Department.
During cross-examination, Officer Thomas indicated that there was a video of the stop which would show defendant's consent to the vehicle search as well as the sequence of events that occurred during the stop and defendant's subsequent arrest. At defense counsel's request, the court recessed the hearing to give the state an opportunity to produce the recording. On December 7, 2005, the matter was taken under advisement to give the court a chance to review the video of the incident and a transcript of the hearing on the motion to suppress.
The trial court denied defendant's motion to suppress on February 1, 2006. Thereafter, defendant entered a Crosby plea to the possession charge. Defendant was given a two-year suspended hard labor sentence and was placed on two years supervised probation. He was also ordered to pay all costs, a $500 fine, $500 to the drug enforcement fund of the Jonesboro Police Department, $500 to the witness subpoena fund, and a probation supervision fee of $55 per month.
The recording of the stop is approximately 29 minutes long and begins as Officer Thomas's patrol car is following defendant's truck, which pulls off the road at what appears to be a gas station or convenience store and concludes with the arrival of a tow truck.
Officer Thomas, who was in a K-9 cruiser, testified that on May 16, 2004, he observed defendant driving a small red Ford pickup truck with another man, subsequently identified as Stephen Brinkley, in the passenger seat. While behind the truck at a red light, Officer Thomas noticed that neither individual was wearing a seat belt. He pulled the vehicle over and asked defendant to get out of the truck. Defendant did as the officer requested and walked to the back of the truck.
Defendant did not protest Officer Thomas's statement that he had pulled him over for a seat belt violation. Officer Thomas asked defendant for his driver's license, registration and proof of insurance, and defendant walked to the passenger's side of the truck to look for the documents. Officer Thomas walked to the driver's side window and provided some light for defendant with his flashlight, as the interior light in the truck did not appear to be working. The passenger continued to sit in the truck at this time.
Defendant took what documents he found inside the cab and walked to the front of the truck. Officer Thomas followed, and the two men talked. At this time another police vehicle pulled up beside defendant's truck on the passenger's side. This cruiser was driven by Brent Barnett, a sheriff's deputy.
Defendant had not found his proof of insurance, so he looked again inside the cab on both the passenger's and driver's side. Officer Thomas asked defendant to step to the rear of the truck and then told defendant that they were K-9 units and were looking for narcotics. Officer Thomas asked defendant if he had any illegal drugs, and he responded in the negative.
*509 At this point the following exchange occurred. Officer Thomas said, "Do you mind if I pat you down?" Defendant agreed to a pat down search. Officer Thomas then said, "Do you mind stepping over here (to the side of Deputy Barnett's cruiser)," and "Do you mind emptying your pockets for me?" Defendant's response is unclear; however, he walked over to the sheriff's vehicle and began to empty his pockets.
Officer Thomas asked defendant some questions and, in particular, whether he had any alcohol in the truck. Defendant denied having alcohol. At this time, Deputy Barnett walked around the back of defendant's vehicle and looked in the bed truck. Next to the back of the cab was an ice chest. Deputy Barnett opened and closed the ice chest. Simultaneously with Deputy Barnett's action, Officer Thomas asked defendant, "Do you mind if I take a quick look in your vehicle?" and defendant said, "Go on ahead." Officer Thomas asked, "Sir?" and defendant again responded, "Go right ahead."
Officer Thomas ordered the passenger out of the truck and found two opened cans of Natural Light beer in the passenger side floorboard. Officer Thomas poured the contents of the beer cans onto the ground. Thereafter, Officer Thomas found what he suspected to be a marijuana cigarette in a pack of Marlboro cigarettes on the passenger side of the vehicle and a partially smoked marijuana cigarette in the ashtray. At this time, a pat-down search of the passenger was done and the passenger was handcuffed.
Deputy Barnett searched a green bag lying in the bed of the truck and found a tin box containing suspected methamphetamine, rolling papers, a snort tube, a razor blade, and other drug paraphernalia. Deputy Barnett also found two bags of marijuana inside a shoe in a Wal-Mart bag. Defendant admitted to ownership of both the shoe and the green bag. At that point defendant was placed under arrest.

Discussion
Defendant contends that the warrantless search of his truck was invalid for two reasons: first, because there was no probable cause justifying the traffic stop; second, even if there was probable cause, the search was not conducted either incident to an arrest or with the free and voluntary consent of defendant.
Traffic Stop
La. R.S. 32:295.1(F) provides:
Probable cause for violation of this Section [wearing of seat belts] shall be based upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by this Section. A law enforcement officer may not search or inspect a motor vehicle, its contents, the driver, or a passenger solely because of a violation of this Section. (Emphasis added).
At the suppression hearing, Officer Thomas testified that he stopped defendant because neither he nor his passenger was wearing a seat belt. La. R.S. 32:295.1 requires seat belt use by occupants of vehicles and a driver's failure to wear a seat belt constitutes reasonable cause for a stop. See State v. Jackson, 04-728 (La. App. 5th Cir.12/14/04), 892 So.2d 71, writ denied, 05-548 (La.01/09/06), 918 So.2d 1033; State v. Landry, 01-0784 (La.App. 4th Cir.12/12/01), 804 So.2d 791.
Defendant contends that the time of night would have prevented Officer Thomas from seeing that defendant was not wearing a seat belt. However, Officer Thomas testified that he was able to observe that defendant and his passenger were not wearing their seat belts when the officer pulled up behind defendant's truck at a red light. We note from the video *510 that when defendant got out of his truck, he does not appear to make a motion of releasing the seat belt. Further, when the officer informed defendant that he was stopped because neither he nor his passenger was wearing seat belts, he did not protest.
As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Waters, 00-0356 (La.03/12/01), 780 So.2d 1053; State v. Barnard, 37,032 (La.App.2d Cir.05/14/03), 847 So.2d 99. The standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer. Whren v. U.S., supra. This objective standard is indifferent to the relatively minor nature of a traffic violation. State v. Barnard, supra.
We find no error in the trial court's conclusion that Officer Thomas had a clear and unobstructed view of the front seat occupants and was able to see that neither was wearing a seat belt. Further, the alleged true intent of Officer Thomas is not to be considered. See Whren v. U.S., supra.
Consent
Defendant also argues that he did not freely and voluntarily consent to the officers' search of his truck since the search was already ongoing before his consent was given. Defendant's contention that the search was ongoing when he was asked for consent presumably arises out of Deputy Barnett's quick look inside an ice chest in the truck bed as Officer Thomas asked defendant for consent to search the truck. There is no indication that defendant was aware that Deputy Barnett peeked into the ice chest or that this action coerced defendant's consent. We note that nothing was found in the ice chest.
A warrantless search conducted pursuant to a valid consent is permitted by both the United States and Louisiana Constitutions. State v. Strange, 04-273 (La.05/14/04), 876 So.2d 39; State v. Raheem, 464 So.2d 293 (La.1985); State v. Williams, 38,379 (La.App.2d Cir.11/25/03), 858 So.2d 878, writ denied, 03-3535 (La.03/12/04), 869 So.2d 807, on subsequent appeal, 39,660 (La.App.2d Cir.04/06/05), 900 So.2d 259; State v. Crews, 28,153 (La. App.2d Cir.05/08/96), 674 So.2d 1082. Oral consent to a search is valid. Id. Consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. State v. Bodley, 394 So.2d 584 (La.1981); State v. Owens, 480 So.2d 826 (La.App. 2d Cir.1985), writ denied, 486 So.2d 748 (La.1986), cert. denied, 479 U.S. 840, 107 S.Ct. 145, 93 L.Ed.2d 87 (1986).
Once voluntary consent is given, it continues until it is revoked or withdrawn. As held by the Supreme Court in Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), when officers rely upon consent to justify a warrantless search, they have no more authority than they have been given by the consent. However, law enforcement officials are not required to separately request permission to search individual containers within a vehicle for which they have received consent to search. Id.
Under these circumstances, we agree with the trial court's finding that consent was voluntarily given. In this case, Officer Thomas testified at the suppression hearing that defendant consented to a search of his truck. The video recording of the stop confirms this testimony. Defense counsel *511 did not elicit or offer testimony to refute or contradict the officer's statement that defendant consented to the search.
This assignment of error is without merit.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, MOORE and LOLLEY, JJ.
Rehearing denied.