980 So.2d 230 (2008)
STATE of Louisiana, Appellee
v.
Timothy STOUTES, Jr., Appellant.
No. 43,181-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 2008.
*231 Louisiana Appellate Project, by James E. Beal, Jonesboro, for Appellant.
Walter Edward May, Jr., District Attorney, Douglas Leon Stokes, Jr., Kenneth Patrick Haines, Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
DREW, J.
Timothy Stoutes, Jr., entered a plea of guilty to possession of marijuana with intent to distribute, reserving a Crosby[1] appeal relative to the trial court's adverse ruling on his motion to suppress physical evidence seized during a traffic stop.
His five-year hard labor sentence was suspended. He appeals. We affirm.

*232 CHRONOLOGY

On December 15, 2005, Jackson Parish Deputy Donovan Schultz stopped a car with a malfunctioning taillight. The driver was asked to exit the vehicle[2] and produce his driver's license. Stoutes complied. His eyes were bloodshot. When asked, the nervous defendant denied having any previous tickets or arrests. A check of his driver's license and criminal history revealed a previous criminal record. Upon request, the defendant granted free and voluntary consent[3] for a search of his car.
The passenger was asked to step out of the vehicle for officer safety.[4] She had no identification. When Deputy Schultz inquired if she had ever been in trouble with the law, she admitted having been in trouble for forgery and possession of methamphetamine and Xanax in Oklahoma.
The officer then looked inside the vehicle and found a blue pill bottle in the center console containing what appeared to be Xanax. Deputy Schultz advised both subjects of their rights, as per Miranda.[5] After both of the suspects waived their Miranda rights, the passenger admitted ownership of the Xanax. She was then arrested.
This consensual search of the vehicle also resulted in seizure of the following:
 a little less than a pound of marijuana;
 an Altoids[6] can containing loose marijuana;
 drug paraphernalia; and
 $1,500 in cash.
Deputy Schultz arrested Stoutes and again advised him of his rights.
The defendant in due course filed a motion to suppress, complaining of an illegal stop and unlawful subsequent seizures of the drugs. After a hearing, the trial court denied the suppression motion.

DISCUSSION
Defendant contends that the traffic stop and all that flowed from it were illegal. He suggests that following a vehicle for 10 miles, during which his taillights only "flickered" three times, provides neither reasonable suspicion for an investigatory stop nor probable cause for an arrest or citation of the operator.
Great weight is placed upon the trial court's ruling on a motion to suppress in regard to fact-finding because the trial court has an opportunity to observe witnesses and weigh credibility.[7] We find that the trial court made the correct decision.
The Traffic Stop
La. C. Cr. P. art. 215.1(A) essentially summarizes the required predicate for a Terry[8] stop. Like Terry, supra, this statute provides that a law enforcement officer may detain a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense.
*233 If a police officer observes a traffic infraction, the subsequent stop for that offense is clearly legal.[9] The standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer.[10] This objective standard is indifferent to the relatively minor nature of a traffic violation.[11]
Both the United States and Louisiana Supreme Courts have held in recent years that officers may make an initial traffic stop after observing a traffic infraction, even if the stop is a pretext to investigate for controlled dangerous substances.[12]
The deputy here observed an improperly equipped vehicle being operated with defective taillights, in violation of La. R.S. 32:304 and La. R.S. 32:53. These laws require that vehicles operated on any state highway be equipped with such lamps and other equipment, in proper condition, as required by law.[13]
Defendant's reliance upon State v. Sherman, XXXX-XXXX (La.4/4/06), 931 So.2d 286, is particularly misplaced. In Sherman, the supreme court determined, inter alia, that officers may approach a defendant and ask simple questions without any requirement of reasonable suspicion of criminal activity. The Sherman court reasoned that mere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention.
The defendant claims that his situation differs from the facts in Sherman, as here the vehicular stop was illegal, being made without reasonable suspicion of criminal activity, and without probable cause for arrest.[14] We disagree.
The deputy saw the offense, thereby clearly having probable cause to make the traffic stop for violation of a traffic statute. Only reasonable suspicion of criminal activity, however, a lesser burden than probable cause, is ever necessary in order to make any stop, whether of an individual on foot, an individual operating a vehicle, or for an individual charged with a serious felony crime.[15]
*234 Deputy Schultz had every right to make this stop, based on his clear observation of the violation of a traffic offense.[16]
Search Incident to Arrest
If an officer makes a lawful arrest of an individual, that officer is authorized, without more, to search the arrestee and his wingspan, or lunge space, for weapons and evidence.[17] This would also apply to the arrest of a traffic violator, if the offense of violation actually allows an arrest.[18] Some Title 32 offenses require the issuance of citations.[19] When a lawful arrest[20] is made of the occupant of a vehicle, or of a recent occupant, then law enforcement automatically has the right to search the entirety of the passenger compartment, including closed containers, as a contemporaneous incident of the lawful arrest.[21] This is so, even if the arrestee is shackled and locked in the patrol car at the time of the search, at least so long as the arrestee is still near the car, and was recently in the car,[22] though as of this writing, no one is precisely sure as to the parameters of a reasonable distance, and the duration of a reasonable time frame.[23]
When meshing these instant facts with our case law relative to search incident to arrest,[24] it is clear that upon arresting this passenger, the deputy could have at that moment searched the passenger compartment for weapons or evidence, incident to her lawful arrest, even if:
 consent for a search had been withdrawn immediately after arrest; and
 there had been no indications that the car contained weapons or evidence.
Consent
Stoutes never withdrew his voluntary consent for the search of his vehicle.
It is well settled that a valid consent search is a well-recognized exception to the warrant requirement, but the burden is upon the state to prove that the consent was given freely and voluntarily.[25] An oral consent to a search is valid.[26] A consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. Voluntariness is a question of fact to be determined by the trial court under the facts and circumstances of each case, which determination is to be given great weight upon appeal because of *235 that court's opportunity to observe witnesses and assess credibility.[27]
The trial court gave credence to the testimony of Deputy Schultz and found no constitutional violations. It is within the trial court's discretion to make factual determinations based upon the credibility of the witnesses. Those determinations are not to be disturbed on appeal absent a showing of a clear abuse of discretion.[28] There is nothing in this record to reflect that the trial court erred in this conclusion.
The initial stop was valid because the deputy observed the violations of La. R.S. 32:304 and La. R.S. 32:53. After making the lawful arrest of the passenger, the deputy could have immediately searched the entirety of the passenger compartment, including closed containers found therein, for weapons or for evidence, even had the arrestee been shackled and locked in the officer's nearby patrol car at the time of the SITA. In addition, the consent to search was freely and voluntarily given, and never retracted. Everything this law officer did was objectively reasonable.[29]

CONCLUSION
The Fourth Amendment of the United States Constitution protects people from unreasonable searches and seizures. Everything the officer did in this situation was lawful and reasonable. We see no abuse of discretion in the trial court's denial of defendant's motion to suppress. We affirm in all respects.

DECREE
The defendant's conviction and sentence are AFFIRMED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La. 1976).
[2] Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).
[3] The record does not reflect that this consent was ever withdrawn.
[4] State v. Landry, 588 So.2d 345 (La. 1991); Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997).
[5] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[6] A brand of curiously strong mints.
[7] State v. Crews, 28,153 (La.App. 2d Cir.5/08/96), 674 So.2d 1082.
[8] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[9] See Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053; State v. Barnard, 37,032 (La.App.2d Cir.5/14/03), 847 So.2d 99.
[10] Whren, supra.
[11] Barnard, supra.
[12] Whren, supra; State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879.
[13] State v. Lewis, 32,211 (La.App. 2d Cir.8/18/99), 738 So.2d 1212.
[14] Recent jurisprudence has sadly blurred the distinctions between "reasonable suspicion" and the more onerous burden of "probable cause." These are two different animals. All that is ever required to justify any stop is the observation of particularized factors leading to a reasonable suspicion that a person is engaged in criminal activity. Terry, supra, and La. C. Cr. P. art. 215.1. If an officer wants to make a traffic stop, and immediately issue the citation (or arrest, if the violated statute allows an arrest), without further investigation, then that officer would indeed need to meet the higher burden of probable cause. If the officer sees the occurrence of a traffic infraction, the stop is good, and the police officer would easily have probable cause, though only reasonable suspicion of criminal activity is required before a peace officer can detain someone.
[15] "We now join our sister circuits in holding that the Terry reasonable suspicion standard applies to routine traffic stops." U.S. v. Delfin-Colina, 464 F.3d 392 (3d Cir.2006). Also note these other federal circuits in accord, requiring only the reasonable suspicion standard for traffic stops, all rendered after Whren, supra: U.S. v. Santiago, 310 F.3d 336 (5th Cir.2002); U.S. v. Lopez-Soto, 205 F.3d 1101 (9th Cir.2000); U.S. v. Hill, 195 F.3d 258 (6th Cir. 1999), U.S. cert. denied; U.S. v. Navarrete-Barron, 192 F.3d 786 (8th Cir. 1999); U.S. v. Ozbirn, 189 F.3d 1194 (10th Cir.1999).
[16] Whren, supra.
[17] Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
[18] U.S. v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
[19] La. R.S. 32:57(C-E); see also State v. Sherman, supra, which held that SITA may occur immediately before the arrest, or even in lieu of the arrest, so long as the officer has probable cause to arrest for an offense allowing arrest, following Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980).
[20] Here, the passenger, for her admitted possession of controlled drugs.
[21] New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
[22] State v. Canezaro, XXXX-XXXX (La.6/1/07), 957 So.2d 136.
[23] Thornton v. U.S., 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004).
[24] "SITA"
[25] State v. Crews, supra, footnote 7.
[26] State v. McGill, 31,202 (La.App. 2d Cir.9/23/98), 720 So.2d 720, writ denied, 1998-2721 (La.2/5/99), 737 So.2d 746.
[27] State v. White, 39,681 (La.App. 2d Cir.5/11/05), 903 So.2d 580.
[28] State v. Robertson, 421 So.2d 843 (La. 1982).
[29] Canezaro, supra, footnote 22.