WILLIAMS, J.
|TThe defendant, Tyrone Hunter, was charged by bill of information with one count of possession with intent to distribute a Schedule I controlled dangerous substance (CDS), marijuana, a violation of LSA-R.S. 40:966(A)(1), and one count of possession with intent to distribute a Schedule II CDS, cocaine, a violation of LSA-R.S. 40:967(A)(1). Pursuant to a plea agreement, the defendant pled guilty as charged and the state agreed not to file an habitual offender bill. For the marijuana conviction, defendant was sentenced to 30 years of imprisonment at hard labor and a fíne of $6,000 plus court costs, or 60 days in prison in lieu of payment. For the cocaine conviction, he was sentenced to 30 years at hard labor with the first two years to be served without benefit of parole, probation or suspension of sentence and fined $6,000 plus court costs, or 60 days in prison in lieu of payment. The two sentences were to run concurrently. The court denied defendant’s motion to reconsider sentence. Pursuant to State v. Crosby, 338 So.2d 584 (La.1976), the defendant appeals the denial of his motion to suppress the evidence. For the following reasons, we amend the sentences to vacate that portion of each sentence imposing jail time in default of payment of the $6,000 fine and costs, and as amended, we affirm.
FACTS
The following facts were elicited from the witness testimony at the hearing on the motion to suppress. On March 9, 2008, Shreveport Police Corporal Briana Rivera and her partner, Officer Christian Hicks, were investigating a series of burglaries in the fairgrounds area of the city. The officers had been given a description of suspects in a burglary at a business |2located in the vicinity and were looking for two black men and one white woman who might be driving a maroon or dark red car. Corporal Rivera and Officer Hicks were on Midway Avenue when a green car, driven by a black male with a white female passenger, passed their unit. Although the car did not match the description given, the officers decided to follow the vehicle because of the proximity to the business that had been burglarized.
While following the car, the officers were stopped by a light at the intersection of Midway and Hearne Avenues. The driver of the green car drove through the intersection, but had to wait for a passing train. The driver then made a U-turn across double yellow lines and drove away. Cpl. Rivera stated that she saw the driver make the illegal U-turn and believed he had taken evasive action in an effort to elude the marked police car. After other officers in the area located the car, Cpl. Rivera conducted a traffic stop of the vehicle in the 6700 block of Linwood Avenue.
Cpl. Rivera approached the driver, who was identified as the defendant, and asked for the vehicle registration. Rivera later testified that when defendant opened the glove compartment to obtain the documentation, she observed a clear plastic bag containing what appeared to be cocaine. The defendant tried to conceal the plastic bag in his right hand as he dropped it on the passenger-side floorboard. Officer Hicks, who was on the passenger side watching the defendant reach into the glove compartment, later testified that he also saw defendant remove the plastic bag *343 that appeared to contain cocaine and drop it on the floorboard. Because of the presence of the suspected illegal drugs, the defendant and the passenger |Rwere removed from the vehicle. Cpl. Rivera handcuffed the defendant, advised him of his Miranda rights and placed him in the patrol car. Rivera then retrieved the plastic bag from the floorboard of the vehicle and noticed another plastic bag located between the passenger seat and the center console. Inside that bag were a number of smaller blue bags that appeared to contain cocaine. During a search of the vehicle’s interior, Cpl. Rivera also found a brown paper bag containing suspected marijuana in a pocket on the back of the passenger seat. The materials found were later tested and determined to be cocaine and marijuana. One plastic bag contained 5 grams of crack cocaine, the other contained a total of 4.5 grams of crack cocaine and the paper bag contained 29.8 grams of marijuana.
Subsequently, the defendant was charged with separate counts of possession with intent to distribute marijuana and possession with intent to distribute cocaine. Defendant filed a motion to suppress the drug evidence seized during the search, alleging that the police officer lacked authority to conduct a warrantless search of his vehicle. After a hearing, the district court denied the motion, finding that the traffic stop was valid and that the officer was authorized to search the vehicle after arresting defendant for possession of drugs. As a result of the plea bargain, defendant pled guilty as charged and the state agreed not to charge him as a multiple offender. For each count, the defendant was sentenced to 30 years at hard labor, and fined $6,000 plus court costs, or 60 days in prison in lieu of payment. For the conviction of possession of cocaine with intent to distribute, the first two years of the sentence were to be served without benefit of parole, Rprobation or suspension of sentence, and the sentences were to be served concurrently. The defendant appeals the denial of his motion to suppress.
DISCUSSION
The defendant contends the district court erred in denying his motion to suppress. Defendant argues that because the state failed to prove that he committed a traffic violation giving the police reasonable suspicion to stop the vehicle, the traffic stop was not legitimate and the subsequent search was not justified by the plain view exception.
The right of every person to be secure in his person, house, papers, and effects against unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution and Article I, § 5 of the 1974 Louisiana Constitution. A search and seizure conducted without a warrant issued on probable cause is unreasonable unless the warrantless search can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Ledford, 40,318 (La.App.2d Cir.10/28/05), 914 So.2d 1168. When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the state bears the burden of proving the admissibility of any evidence seized without a warrant. LSA-C.Cr.P. art. 703(D); State v. Johnson, 32,384 (La. App.2d Cir.9/22/99), 748 So.2d 31. The plain view doctrine is an exception to the warrant requirement. The plain view exception renders a warrantless search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object’s incriminating character is | ^immediately apparent; and (3) the officer has a lawful right of access *344 to the object. State v. Gipson, 45,121 (La. App.2d Cir.4/14/10), 34 So.3d 1090.
A violation of a traffic regulation provides reasonable suspicion to stop a vehicle. State v. Davis, 09-452 (La.App. 5th Cir.1/26/10), 31 So.3d 513. If a police officer observes a traffic infraction, then the subsequent stop for that offense is clearly legal. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Barnard, 37,032 (La. App.2d Cir.5/14/03), 847 So.2d 99. The subjective intent of the officer making the traffic stop is irrelevant, as long as he observed the traffic violation. Whren, supra. Flight, nervousness or a startled look may be a factor under LSA-C.Cr.P. art. 215.1 in finding a reasonable cause to stop a person. State v. Furlow, 34,339 (La.App.2d Cir.2/28/01), 780 So.2d 602, writ denied, 01-0889 (La.3/15/02), 811 So.2d 895. When a roadway is divided into two or more lanes for traffic, a vehicle shall be driven within a single lane and shall not be moved until such movement can be made safely. LSA-R.S. 32:79.
When a police officer makes a lawful arrest of an individual, that officer is authorized, without more, to search the arrestee and his wingspan, or lunge space, for weapons and evidence. State v. Stoutes, 43,181 (La.App.2d Cir.4/2/08), 980 So.2d 230. If a lawful arrest is made of the occupant of a vehicle, then law enforcement is permitted to search the entire passenger compartment when it is reasonable to believe the vehicle contains evidence of the offense of arrest. Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127,158 L.Ed.2d 905 (2004).
In this case, both officers testified at the hearing on the motion to | ^suppress that they observed the defendant commit the traffic violation of improper lane usage when he made an illegal U-turn across the double yellow lines. In addition, the officers believed that defendant made the U-turn to flee the area and avoid contact with the police. The officers’ observation of the traffic violation and defendant’s apparent flight from the area provided the officers with reasonable suspicion to stop the vehicle.
Upon making a valid traffic stop, the police officers were lawfully in a position to observe in plain view the clear plastic bag containing cocaine. The evidence of drugs gave the officer probable cause to arrest the defendant and then to search the interior of the vehicle for weapons and evidence as an incident to the lawful arrest. Therefore, the search of the automobile and the seizure of the drugs satisfied the constitutional guidelines for a warrantless search. Consequently, the district court did not abuse its discretion in denying the defendant’s motion to suppress. This assignment of error lacks merit.

Error Patent

In reviewing the record for error patent, we note that the district court improperly imposed jail time contingent on the payment of the fine and court costs. An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. State v. Tillman, 43,569 (La.App.2d Cir.10/22/08), 997 So.2d 144. A defendant’s indigence may be discerned from the record. See State v. Williams, 484 So.2d 662 (La.1986); Tillman, supra. The record shows that defendant is indigent because he was represented at trial and on appeal by the indigent defender’s office. ^Accordingly, we shall vacate that portion of each sentence imposing jail time in default of payment of the fine and costs.
*345 CONCLUSION
For the foregoing reasons, we amend the sentences to vacate that portion of each sentence imposing jail time in default of payment of the $6,000 fíne and costs, and as amended, the defendant’s convictions and sentences are affirmed.
AMENDED AND AFFIRMED AS AMENDED.