993 So.2d 1198 (2008)
STATE of Louisiana
v.
Chanh HUYNH.
No. 2008-KK-1628.
Supreme Court of Louisiana.
November 10, 2008.
PER CURIAM.
Granted. The trial court's ruling granting defendant's motion to suppress the evidence is reversed and this case is remanded for further proceedings.
Even assuming that the trial court found correctly that the officer "ordered" defendant, seated at the wheel of his parked car, out of the vehicle when he asked defendant to "step out for me for a minute," and that the officer thereby seized defendant for Fourth Amendment purposes because defendant had thereby acquiesced in that assertion of official authority, the court erred in assessing whether the totality of *1199 the circumstances gave the officer reasonable suspicion for an investigatory stop.
Although the officer did not see defendant make any furtive gestures with his hands, such as reaching for the floorboard where two handguns were subsequently found in front of the driver's seat, before defendant got out of his car, he noticed that when they first made eye contact, defendant "slouched down in his seat, to not be recognized, obviously." Evasive conduct of that nature may, if not invariably, constitute a significant element in the totality of the circumstances supporting a lawful investigatory stop. See, e.g., United States v. Woodrum, 202 F.3d 1,7 (1st Cir.2000)("[S]louching, crouching, or any other arguably evasive movement, when combined with other factors particular to the defendant or his vehicle, can add up to reasonable suspicion.... But not every slouch, crouch, or other supposedly furtive movement justifies a stop.... The proper inquiry is case-specific and context-contingent, and the surrounding circumstances ordinarily will tell the tale.") (citations omitted); United States v. Barbee, 968 F.2d 1026, 1028-29 (10th Cir.1992)("An agent's belief that passengers are slouching down to avoid detection may create reasonable suspicion.")(internal quotation marks and citation omitted). When the officer responded by approaching the driver's side to ask defendant whether he "had witnessed anybody fighting in the area," as previously reported to the police, defendant did not roll down his window but shouted through the tinted glass that he "didn't do anything," although the officer had not accused him of any misconduct. The officer could not see clearly through the tinted window but he did observe that defendant appeared "very fidgety, very nervous." The encounter occurred at night in a high crime area marked by "a lot of robberies... shootings, everything in that small little area."
The totality of these circumstances, particularly defendant's evasive maneuver after making eye contact, gave the officer the requisite "`minimal level of objective justification ...,'" United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989)(quoting INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984)), justifying a brief investigatory detention "to maintain the status quo momentarily while obtaining more information." State v. Fauria, 393 So.2d 688, 690 (La.1981). The trial court erred in finding otherwise. Moreover, without regard to whether the officer has an articulable and particularized basis for then frisking defendant to protect himself and his partner, Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968), when asked "if he would mind" if the officer "performed a brief pat-down on top the clothing, just to insure he had no weapons on him," defendant complied. Given defendant's consent, the officer then lawfully retrieved the cocaine packet which slipped out of defendant's pants leg during the frisk. Florida v. Jimeno, 500 U.S. 248, 250-51, 111 S.Ct. 1801, 1803, 114 L.Ed.2d 297 (1991)("[W]e have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so.") (citation omitted). Following defendant's arrest for possession of the cocaine, the police then lawfully recovered the two handguns lying on the floorboard of the vehicle on the driver's side in a search incident to that arrest. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).