994 So.2d 1288 (2008)
STATE of Louisiana
v.
Bruce FIELDS.
No. 2008-KK-964.
Supreme Court of Louisiana.
November 21, 2008.
Rehearing denied.
CALOGERO, C.J., would grant.
JOHNSON, J., would grant the writ and assigns reasons.
JOHNSON, J. would grant the defendant's writ application for the following reasons:
This Court recognized in State v. Huynh, 08-1628, pp. 1-2 (La.11/10/08), 993 So.2d 1198 (citing United States v. Woodrum, 202 F.3d 1, 7 (1st Cir.2000)),
(`[S]louching, crouching, or any other arguably evasive movement, when combined with other factors particular to the defendant or his vehicle, can add up to reasonable suspicion.... But not every slouch, crouch, or other supposedly furtive movement justifies a stop.... The proper inquiry is case-specific and context-contingent, and the surrounding circumstances ordinarily will tell the tale.'); cf. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989)("The Fourth Amendment requires `some minimal level of objective justification' for making the stop.")(quoting INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984)).
However, in Huynh, the police officer made eye contact with the defendant, who then slouched down in what the officer reasonably took as an evasive maneuver to avoid recognition. In the present case, when the police officers passed by the vehicle parked on the side of an intersection they observed defendant "slouched down in the passenger seat once we passed it." That testimony does not support a finding that defendant reacted to the presence of the police by slouching in an evasive maneuver. While police officers may approach a vehicle to check on the condition of an occupant who appears slouched over or slumped down in his seat, State v. Neyrey, 383 So.2d 1222, 1224-25 (La.1980); State v. Keller, 403 So.2d 693, 696 (La.1981), they may not, on the basis of that conduct alone, subject him to a forcible detention by ordering him from the car and conducting a self-protective frisk for weapons. Cf. United States v. Zapata-Ibarra, 212 F.3d 877, 883 (5th Cir. 2000)("We have noted that passengers commonly slump in their seats to rest, particularly at nighttime hours.... Therefore, we have required a more affirmative indication of an attempt to hide for this factor to weigh in favor of the presence of reasonable suspicion.")