DREW, J.,
concurring.
|, The majority’s opinion is excellent, and I join with it in all respects, adding these few observations, primarily about the current (and evolving) state of Louisiana’s law of vehicular search incident to arrest.
I. Avoiding Temptation
The U.S. Supreme Court has become selective in its application of the exclusionary rule, even in situations where officers have violated guidelines set by the court itself.[1] Now the court has ruled that searches incident to arrest (“SITA”) made for violations of offenses allowing only citation under state statutes may produce admissible evidence, under the Fourth Amendment, so long as probable cause existed as to the commission of a criminal offense. Virginia v. Moore, — U.S.-, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008).
If an officer seeks an evidentiary advantage by unlawfully arresting for the violation of a statute mandating the issuance of a citation, that officer is making a serious mistake. A police officer who willfully violates either statutory or jurisprudential guidelines will undoubtedly be subjected to the corrective systems in place today (internal affairs investigations, civil rights lawsuits, etc.), whether or not the evidence is suppressed. Peace officers must follow the law.
II. Legal Requirement for a Traffic Stop
Only reasonable suspicion, not the more difficult burden of probable cause, is required to make any stop, including a traffic stop.[2] Six federal ^circuits[3] have reaffirmed this precept since the rendering of Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996), a case with certain language, susceptible to confusion, on this issue, namely, “As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.”
My interpretation of the burdens which must be satisfied to justify traffic stops is as follows:
• If an officer observes a traffic violation, then probable cause does, in fact, exist that a crime is occurring. The officer may stop the vehicle and immediately issue the citation. If an arrest is allowed for the observed offense,[4] then SITA would apply as to the driver and possibly to the *659 passenger compartment[5] of the vehicle, together with all containers located within the passenger compartment.[6]
• Merely making a brief traffic stop, however, requires only the lesser burden of reasonable suspicion of criminal activity. In this situation, the officer would then promptly have to confirm or deny his suspicion of criminality. If probable cause quickly develops during a stop, then a citation may issue or an arrest can be made, depending upon what crime is violated. Otherwise, the motorist should be allowed to depart.
|¾111. Two Recent Per Curiams Relative to SITA
Almost 40 years ago, the United States Supreme Court provided law enforcement in this country with a clear rule that a contemporaneous incident of a lawful arrest was the allowance that the officers could search the arrestee, including his wing span and lunge space, for weapons or evidence. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
Four years later, the SITA concept was clarified further, in a case involving a motorist who was arrested. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
Eight years later, the court established a clear rule that peace officers, incident to the arrest of a motorist, were entitled, as a contemporaneous incident of that arrest, to search the entire passenger compartment, including any containers therein, for weapons or evidence. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
The following year, by a 4-3 vote, the Louisiana Supreme Court, in dicta, declined to follow Belton, perceiving that searching a passenger compartment, incident to arrest, was violative of our Louisiana Constitution, in a situation where the arrestee was shackled and locked in the patrol car at the time of the search incident to his arrest. State v. Hernandez, 410 So.2d 1381 (La.1982). Officers in other states have for decades utilized the evidentiary and protective consequence of vehicular SITA, as contemplated by Bel-ton. Louisiana peace officers, until the last two years, have not been fallowed the same protection and evidence-gathering capability, primarily because of Hernandez.
In 2004, the U.S. Supreme Court ruled that the doctrine of search incident to an arrest could apply to the passenger compartment of a vehicle, even in a situation where the arrestee was already out of the vehicle when initially approached by the officer, so long as elapsed time factors (since the subject had been in the car) and distance (distance from the car) factors were minimal. Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004).
Interestingly, at the moment when the officer searched Thornton’s passenger compartment incident to arrest, Thornton was shackled and locked in the police car. This is factually similar to the situation of Hernandez at the time Gonzales Corporal Pasqua searched his passenger compartment incident to arrest, over two decades before.[7]
*660 Recently, some scholars have argued that application of the privacy language in the Louisiana Constitution should have always been limited solely to communications, instead of serving as a “launching pad” for judicial policy-making in the '70s and '80s.[8] Hernandez was listed as a prime example of making policy instead of interpreting the law.
In 2007, in a per curiam opinion, the Louisiana Supreme Court cited Belton in approving the search of the passenger compartment of a pickup truck, incident to the arrest of two former occupants of the truck, even |fithough each of the subjects was shackled and locked in the patrol car at the moment of the search. State v. Canezaro, 2007-668 (La.6/1/07), 957 So.2d 136. The Hernandez case was not discussed.
Recently, in another per curiam opinion that also did not distinguish Hernandez, the Louisiana Supreme Court cited Belton as justification for the contemporaneous search of a passenger compartment incident to the arrest of a former occupant of a vehicle. State v. Huynh, 2008-1628 (La.11/10/08), 993 So.2d 1198.
My conclusion, until corrected, is that Belton, Thornton, Canezaro, and Huynh now control Louisiana vehicular searches incident to arrest. I further conclude that Hernandez is out, at least to the extent that it has heretofore been construed as limiting the application of Belton in this state.

.Hudson v. Michigan, 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006), narrowly refused to suppress evidence seized pursuant to a search warrant for illicit drugs, when the police clearly violated the court's unanimous "knock-and-announce” rule established four years before, in United States v. Banks, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003).

. See State v. Stoutes, 43,181 (La.App. 2 Cir. 4/2/08), 980 So.2d 230, fn. 14.

. See Stoutes, supra, fn. 15.

. Violations of some offenses in Title 32 allow the offender to be arrested. La. R.S. 32:57(0(1), (E), and (F); R.S. 32:402; R.S. 32:412(G); R.S. 32:415; R.S. 32:861.

. Depending upon how far the driver is from the car and how long since the driver had been in the car, at the moment of arrest and search incident to the arrest.

. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004); State v. Canezaro, 2007-668 (La.6/1/07), 957 So.2d 136.

.One clear distinction: During the SITA, Thornton was still at the scene. At the same *660 point, Hernandez was being driven to the station for booking.

. See John S. Baker Jr. and Jason Dore, The Louisiana Supreme Court: Interpreting the Law or Making Policy'?, 13-14 (Washington, D.C.: The Federalist Society and Baton Rouge, La.: Foundation for Self-Government, 2008).