J-A26025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID EMANUEL COLLINS | |
| Appellee | No. 2248 MDA 2013 |

Appeal from the Order Entered December 2, 2013
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000144-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TIMOTHY D. EILAND | |
| Appellee | No. 88 MDA 2014 |

Appeal from the Order Entered January 9, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000341-2013

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

CONCURRING MEMORANDUM BY JENKINS, J.:  **FILED DECEMBER 16, 2014**

I join Judge Mundy's well-reasoned memorandum.  I merely add several observations which I believe are consistent with her analysis.

Based on the following combination of circumstances, I think Detective Kriner had reasonable suspicion to stop the car:

(1) Detective Kriner saw the car drive past the bank where the robbery took place fifteen minutes earlier – close in time and place to the crime. *See In re D.M.,* 556 Pa. 160, 727 A.2d 556 (1999) (police officer received information that four or five black males committed a robbery at gunpoint, and one minute later, officer saw four black males, including defendant, walking quickly one-half block from the crime scene, and did not observe any other males in the vicinity, and group abruptly changed direction upon seeing the police vehicle; officer's investigatory detention of the defendant was supported by reasonable suspicion, where, *inter alia*, investigatory detention was close in time and location to the occurrence and scene of the crime); *United States v. Wimbush*, 333 F.3d 947 (7th Cir. 2003) (police officer stopped car fifteen minutes after shooting 8 blocks away).

(2) Detective Kriner testified that although the robbery suspect fled the bank on foot, it was reasonable to assume that there was a getaway vehicle, because there often are getaway vehicles in a robbery. Moreover, while the vehicle that drove by the bank had three occupants instead of only one, it was reasonable to assume that the other occupants in the car had been waiting for the fleeing robber. *See People v. Oliver*, 464 Mich., 184, 627 N.W.2d 297 (2001) (where 2 bank robbers fled on foot, officer properly sought vehicle in vicinity with at least 3 occupants, given his knowledge that in bank robbery cases there is usually a getaway car with driver); *People v.*

*Oliver*, 464 Mich. 184, 627 N.W.2d 297 (2001) (where 2 bank robbers fled on foot, officer properly sought vehicle in vicinity with at least 3 occupants, given his knowledge that in bank robbery cases there is usually a getaway car with driver); *State v. Waddell*, 655 N.W.2d 803 (Minn.2003) ("there were four occupants of the vehicle rather than three, but, as it was not inconceivable that the original suspects could have picked up an additional passenger in the hours after the crime," there still was reasonable suspicion).

(3) The occupants of the vehicle matched the same general description as the robbery suspect. The suspect was a black male in his twenties wearing a dark black or navy sweatshirt and a ski mask when he fled from the bank, and the occupants of the car were black males in their twenties wearing dark clothing.

(4) As Judge Mundy emphasizes, the vehicle occupant's act of "ducking down" is an important factor in finding that Detective Kriner had reasonable suspicion of criminal activity. *See Brown v. United States*, 546 A.2d 390 (D.C.App.1988) (relevant that "as the car drove away, one person lay or crouched in the back seat, peeking up and looking back several times"); *People v. Hopkins*, 235 Ill.2d 453, 337 Ill.Dec. 465, 922 N.E.2d 1042 (2009) (stressing "defendant acted suspiciously by leaning forward in his seat, 'peeking' at the officer, and then flinging himself back into his seat"); *State v. Huynh*, 993 So.2d 1198 (La.2008) (when defendant,

seated in car, made eye contact with police officer, he "slouched down in his seat, to not be recognized").

(5) The vehicle had an out of state license plate and went onto a highway after the officer observed it. *See Williams v. State*, 261 Ind. 547, 307 N.E.2d 457 (1974) (noting stop made on major highway which would be most direct route for escape to Chicago).

With these observations, I join Judge Mundy's memorandum.

Judge Bowes joins this concurring memorandum.