674 So.2d 1082 (1996)
STATE of Louisiana, Appellee,
v.
Rickey Junior CREWS, Appellant.
No. 28153-KA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1996.
Rehearing Denied June 20, 1996.
*1083 Paul Kidd, Sr., Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Jimmy D. White, Assistant District Attorney, for Appellee.
Before SEXTON, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, Rickey Junior Crews, was charged by bill of information with one count of possession of marijuana in excess of sixty pounds, a violation of LSA-R.S. 40:966 E(1), and one count of conspiracy to distribute marijuana, a violation of LSA-R.S. 40:979 and LSA-R.S. 40:966. The trial court denied a motion to suppress evidence and the defendant was subsequently convicted as charged. On the possession count, the trial court sentenced the defendant to serve fifteen years at hard labor, the first five years to be served without the benefit of parole, probation or suspension of sentence, and to pay a fine of $25,000. On the conviction of conspiracy to distribute marijuana, the trial court sentenced the defendant to serve ten years at hard labor and to pay a fine of $7,500. The sentences were to be served concurrently. The defendant appeals the trial court's denial of his motion to suppress. He also appeals his sentences as constitutionally excessive. For the following reasons, we affirm.

FACTS
On May 7, 1993, the defendant was driving a 1985 GMC pickup truck on Interstate 20 in Ouachita Parish when he was stopped by Louisiana State Trooper Don Coleman. According to the testimony presented at trial, the officer observed the defendant brake sharply and swerve onto the shoulder of the road to avoid hitting a car leaving the highway in front of him. The officer then followed the defendant, who repeatedly switched lanes but did not signal until after he had changed into the other lane. The officer testified that the defendant appeared more nervous than is normal for a person receiving a citation, he did not make eye contact and he admitted to a previous arrest involving "five or six bags of weed." The officer issued a warning violation for improper lane usage and then requested defendant's permission to search the truck. The defendant *1084 gestured toward the truck and said go ahead. The officer testified that he presented a consent to search form to the defendant, who read and signed the form. The officer looked into the back of the pickup truck and noticed that the black plastic bed liner was secured by bolts that were larger than normal and worn, as if they had been frequently removed. He then called for a K-9 unit, which arrived at the scene of the stop within five minutes. The dog, trained to detect drugs by scent, alerted police that drugs were present at both sides of the pickup bed. The bolts were removed and a large quantity of marijuana was found hidden behind the bed liner.
The drug was packaged in 25 highly compressed, plastic-wrapped bundles of approximately 3.9 pounds each. The total weight of the marijuana exceeded 89 pounds. The individual plastic-wrapped bricks were additionally enclosed in heat sealed plastic bags. The defendant admitted knowing the marijuana was there, but denied knowledge of the quantity because somebody else had loaded the truck. The defendant was arrested and taken into custody. Two marijuana cigarettes were found in the defendant's hat after his arrest.
Prior to trial, the defendant filed a motion to suppress evidence of the marijuana seized on the grounds that the consent to search was not given voluntarily. After a hearing, the trial court denied the motion. A jury found the defendant guilty as charged. Subsequently, on the possession count, the trial court sentenced the defendant to serve fifteen years at hard labor, the first five years without benefit of parole, probation or suspension of sentence, and imposed a fine of $25,000, or in default of payment, an additional sentence of one year in jail or 260 days of community service. On the conspiracy to distribute count, the trial court sentenced the defendant to serve ten years at hard labor and imposed a fine of $7,500, or in default of payment of the fine to serve one year in jail or 260 days of community service. The sentences were to be served concurrently. The defendant appeals.

DISCUSSION

Motion to Suppress
The defendant contends the trial court erred in denying his motion to suppress the evidence seized. The defendant asserts that he did not knowingly and voluntarily consent to the search of his truck.
To justify a warrantless search, the state must show that the search falls within one of the narrowly drawn exceptions to the warrant requirement. State v. Barrett, 408 So.2d 903 (La.1981). A consensual search is an exception to both the warrant and probable cause requirements. State v. Walker, 530 So.2d 1200 (La.App. 2d Cir.), writ denied, 532 So.2d 763 (La.1988). Oral consent is valid. However, consent to a search must be given freely and voluntarily, and the burden of proof on this issue rests upon the state. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). State v. Haygood, 26,102 (La.App. 2d Cir. 8/17/94), 641 So.2d 1074, writ denied, 94-2373 (La. 1/13/95), 648 So.2d 1337. When reviewing a trial court's ruling on a motion to suppress, based on findings of fact, great weight is placed upon the trial court's determination because it had the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Jackson, 26,138 (La.App. 2d Cir. 8/17/94), 641 So.2d 1081.
In the present case, there is a discrepancy between the testimony of Trooper Coleman and the defendant concerning the consent to search. The officer testified that the defendant verbally consented to the search and then signed the written consent form while standing on the highway. The defendant acknowledged that the officer asked to look into the back of the truck, and that he said he did not mind. However, the defendant maintained that at the time of the traffic stop, he did not sign the search consent form, but had only signed the warning ticket. Despite this assertion, the defendant admitted that his signature was on the consent to search form, but stated that he did not remember having seen the form itself. Thus, the defendant apparently suggests that either the officer had him unknowingly sign *1085 the consent form, under a pretext that he was signing a receipt for a warning ticket, or that he signed the consent to search form during the interrogation process at state police headquarters. There, the defendant signed a form acknowledging that he had been informed of his rights, but he refused to sign a waiver of those rights. In resolving this discrepancy, the trial court concluded that it is not reasonable to assume that the defendant, after refusing to sign the waiver of rights form, would then sign a consent to search form.
Officer Coleman testified that Trooper Neal witnessed defendant's signature and signed the consent form on the highway. The defendant urges that the state's failure to call Trooper Neal as a witness somehow indicates that he was not actually at the scene to observe the defendant sign the consent form. However, at the hearing, the defendant admitted that another officer arrived at the scene before the K-9 unit was called, but stated that he could not remember whether or not that officer was Trooper Neal. Moreover, the defense had an equal opportunity to call Trooper Neal as a witness, but declined to do so.
The trial court noted that the defendant admitted he gave verbal consent for the officer to look inside his truck. The trial judge heard the conflicting testimony of the trooper and the defendant regarding the circumstances of when and where the defendant signed the consent to search form. The defendant testified that he did not sign anything without reading it, and that he had refused to sign a rights waiver at police headquarters. The testimony indicates that the defendant signed those forms he wanted to sign and that he knew what he was signing. Thus, the trial court could reasonably conclude that the officer, after receiving verbal permission to search the truck, presented the consent form to the defendant, who read and signed it at the scene. After reviewing the record and testimony, we cannot say that the trial court was clearly wrong in finding that the defendant voluntarily and knowingly consented to the search of his vehicle. Therefore, this assignment of error lacks merit.

Excessiveness of Sentence
The defendant argues the trial court erred in imposing excessive sentences. He asserts that the trial court improperly departed from the recommended sentencing range of the guidelines.[1]
According to State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237, a trial judge having properly considered the guidelines, has the complete discretion to reject them and impose any sentence which is not constitutionally excessive, provided the trial court states for the record the considerations taken into account and the factual basis for the imposition of sentence. When the trial judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for the sentence, the reviewing court is limited to the question of constitutional excessiveness, without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, supra; State v. Tuttle, 26,307 (La.App. 2d Cir. 9/21/94), 643 So.2d 304.
Here, the trial court noted that the guidelines grid cell 4B recommended a sentence of 66 months to 84 months for the possession of marijuana conviction, and grid cell 5B designates a sentence range of 93 to 111 months for conspiracy to distribute marijuana. The trial court also referred to an event which occurred just prior to trial of the instant offenses, when the defendant was stopped in Mississippi carrying $30,000 in cash wrapped as a Christmas present. The trial court considered the defendant's transportation of a large amount of cash in a concealed manner as an indication of defendant's continued involvement in drug trafficking. The trial judge decided to depart from the guidelines, citing the defendant's involvement in drug trafficking not already considered, and his commission of a major economic offense involving a large quantity of marijuana, from which he intended to reap substantial income. Thus, the trial judge *1086 adequately considered the guidelines and stated his reasons for the sentence imposed. We now review for constitutional excessiveness.
A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra.
In the present case, the statutory penalty range for the possession of marijuana charge, at the time of the offense, was from five to fifteen years, including a requirement that the first five years be served without benefit of parole, probation or suspension of sentence, and a fine of not less than $25,000. The statutory range for conspiracy to distribute marijuana was two and one-half years to fifteen years at hard labor, and a fine of not more than $7,500. At the time of the offense, the sentence imposed was the statutory maximum for a conviction of possession of marijuana in excess of sixty pounds. However, the trial judge correctly observed that the statutory penalty for this offense has been increased since the date of the criminal act, and currently the maximum sentence is sixty years at hard labor. The trial court also noted the defendant's prior criminal history and that he was classified as a third felony offender.
The trial judge adequately articulated for the record the reasons for imposition of sentence. Considering that the defendant was hauling a large quantity of marijuana, which was professionally packaged and concealed and worth a considerable amount of money in the drug market, the sentence imposed is not grossly out of proportion to the seriousness of the offense, nor does it shock the sense of justice. Under these circumstances, we cannot say that the sentence is constitutionally excessive. Therefore, we do not find that the trial court abused its discretion. This assignment of error lacks merit.
We have examined the record for error patent and found none.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before SEXTON, HIGHTOWER, BROWN, WILLIAMS and GASKINS, JJ.
Rehearing denied.
NOTES
[1] Although the Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, effective August 15, 1995, they were applicable at the time sentence was imposed in this case.