858 So.2d 878 (2003)
STATE of Louisiana, Applicant,
v.
Keary WILLIAMS, Respondent.
No. 38,379-KW.
Court of Appeal of Louisiana, Second Circuit.
November 25, 2003.
*879 Walter Edward May Jr., District Attorney, Tammy Lenn Gantt Jump, Assistant District Attorney, for Applicant.
G. Paul Marx, Louisiana Appellate Project, for Respondent.
Before BROWN, DREW, and LOLLEY, JJ.
BROWN, C.J.
The state seeks reversal of the trial court's grant of a defense motion to suppress 48 pounds of marijuana discovered after a traffic stop and to suppress defendant's inculpatory statements. Because the arresting officer had probable cause to search the vehicle after a valid traffic stop, as well as the passenger consent, the writ application is granted and made peremptory.

Facts
Former La. Trooper Scott Wright testified that he had been trained in how to recognize drug activity, including suspicious activity, the odor of marijuana, and *880 how marijuana is packaged. In this case, Trooper Wright made a traffic stop on Interstate 20 in Bienville Parish, Louisiana, based on two instances of improper lane usage. The driver, Keary Williams, produced a Texas driver's license. His hands were shaking and his conversation indicated that he was "extremely nervous." He gave vague answers about his route of travel and said the car belonged to his girlfriend in Texas. The vehicle was emanating an "overwhelming odor of fabric softener sheets and an odor of raw marijuana."
The passenger, Roy Magee, produced ID with shaking hands. He gave travel route answers that didn't match what the driver had said. Trooper Wright still was smelling the odors coming out of the vehicle.
Trooper Wright verified that the car was not stolen, but learned that both men had extensive criminal histories for transportation of cocaine and weapons. Trooper Wright called for backup.
Once the second police unit arrived, Trooper Wright gave Williams a ticket for the traffic violation and asked if he'd ever been arrested. He said, "not really." Trooper Wright asked if there was any contraband in the vehicle. Williams said, "not that he knew of." Trooper Wright requested consent to search, but Williams declined.
Trooper Wright then asked for and received consent to search from the passenger, Roy Magee. Trooper Wright searched the car and found 48 pounds of marijuana.
On cross, Trooper Wright said that prior to requesting consent to search, he had verified that the vehicle was owned by "some female out of Dallas." After making the arrests for possession of marijuana, Trooper Wright advised both suspects of their Miranda rights. Williams didn't make any statements at this time.
Trooper George Shirey testified that he assisted in the investigation. He advised defendant Williams of his Miranda rights after the arrest. Williams gave a full confession, including naming the source of the weed and describing how Williams had packaged it with fabric softener sheets to disguise the odor. The standard rights advice form, signed by Williams, was accepted into evidence.
The trial court held that the passenger had no right to consent to a search of the car after the driver had refused to consent and, based on those findings, granted the motion to suppress.

Discussion
The instant search is valid both as a probable cause search and as a consent search. The validity of the traffic stop is not disputed.
The jurisprudence holds that where there is probable cause to search a vehicle, a search is not unreasonable if it is based on facts which would justify the issuance of a warrant, even though a warrant has not been actually obtained. U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982). This "automobile exception" to the warrant requirement no longer has an exigency requirement. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more. Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485,135 L.Ed.2d 1031 (1996).
A state trooper's detection of the odor of marijuana coming from a defendant's car constitutes justification for a warrantless search. State v. Cohen, 549 So.2d 884 (La.App. 2d Cir.1989), writ denied, *881 559 So.2d 135 (La.1990). A police officer who makes a valid traffic stop of the defendant's vehicle has probable cause to search, based upon the faint odor of marijuana which someone was trying to mask by using air fresheners. State v. Reynaga, 93-1520 (La.App. 3d Cir.10/05/94), 643 So.2d 431. (The court also held that the search was valid based on probable cause, even if consent was not given.) Even a routine registration check, which led to a state trooper's detection of the odor of marijuana, resulted in sufficient probable cause to make a warrantless search and seizure valid. State v. Arnold, 34,194 (La.App.2d Cir.12/06/00), 779 So.2d 840.
It is well settled that a warrantless search conducted pursuant to a valid consent is permitted by the Louisiana and United States Constitutions. State v. Raheem, 464 So.2d 293 (La.1985); State v. Crews, 28,153 (La.App.2d Cir.05/08/96), 674 So.2d 1082. Oral consent to a search is valid. State v. Crews, supra. A consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. State v. Bodley, 394 So.2d 584 (La.1981); State v. Owens, 480 So.2d 826 (La.App. 2d Cir.1985), writ denied, 486 So.2d 748, (La. 1986), cert. denied, 479 U.S. 840, 107 S.Ct. 145, 93 L.Ed.2d 87 (1986).
Common authority to consent arises from mutual use of the property to be searched, so it is reasonable to recognize that any co-inhabitant may permit a search or inspection in his own right; the other co-inhabitants have assumed the risk that one of them might permit the common area to be searched. U.S. v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Bodley, supra. Both the defendant and the passenger were guests in the third party's car. Both had mutual use of the car. There is no indication that the defendant had exclusive control of the car or its contents. Thus, the passenger's consent to the instant search, even though made after the non-owner driver's refusal, was a valid consent.
The court erred in its ruling. The passenger and driver had equal common authority to grant consent. The facts known to the arresting police officer gave probable cause to search and seize, even though the driver refused consent.
The court's grant of the defense motion to suppress is reversed and the matter is remanded for further proceedings.
REVERSED and REMANDED.