WINDHORST, J.
*1244 Defendant, Rickey Overstreet, through appointed counsel and by pro se brief, appeals his convictions and sentences which resulted from a guilty plea entered under State v. Crosby, 338 So.2d 584 (La. 1976). For the reasons that follow, we affirm defendant's convictions and sentences and remand with instructions.
Procedural History and Facts
On September 21, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant, Rickey Overstreet, with possession with intent to distribute cocaine in violation of La. R.S. 40:967 A (count one); possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count two); and possession of Tramadol in violation of La. R.S. 40:969 C (count three). At his arraignment, defendant pled not guilty to the charged offenses. On November 16, 2016, the State amended the bill of information charging defendant with the additional offense of possession with intent to distribute marijuana and/or synthetic cannabinoids in violation of La. R.S. 40:966 A (count four). Defendant was re-arraigned on November 28, 2016, on the amended bill and pled not guilty.
On September 22, 2016, defendant filed motions to suppress evidence and statement. On March 16, 2017, the trial court denied defendant's motions to suppress. On the same date, a hearing was held on the State's "Notice of Intent to Use Other Acts Evidence Pursuant to L.C.E. Article 404 B." The trial court granted the State's motion with respect to defendant's prior arrests, but took the State's 404B motion under advisement regarding the text message evidence sought to be used by the State at trial. On April 5, 2017, the trial court granted the State's 404B motion with respect to the text message evidence.
On May 5, 2017, defendant filed a supervisory writ application with this Court challenging the trial court's March 16, 2017 judgment denying his motions to suppress evidence and statement and the trial court's April 5, 2017 judgment granting the State's 404 B motion. This Court denied defendant's writ application.[1]
On September 11, 2017, defendant withdrew his former pleas of not guilty, and after being advised of his Boykin [2] rights, pled guilty under Crosby, to the amended bill of information.[3] Defendant was sentenced to fifteen years imprisonment at hard labor on counts one, two, and four and to five years imprisonment at hard labor on count three. The trial court ordered defendant's sentences to be served concurrently with one another and any other sentence defendant may be currently *1245 serving. The trial court also recommended defendant for any and all self-help programs available through the Department of Corrections, including substance abuse treatment.
On the same date, the State filed a habitual offender bill of information alleging defendant to be a second-felony offender on count one, to which defendant stipulated. The trial court vacated the original sentence on count one and resentenced defendant to fifteen years imprisonment without benefit of probation or suspension of sentence. The trial court ordered defendant's enhanced sentence to be served concurrently with the original sentences imposed on counts two, three, and four.
On April 16, 2018, defendant filed an application for post-conviction relief seeking an out-of-time appeal, which the trial court granted. This appeal followed.
Because defendant entered guilty pleas, the underlying facts were not fully developed at trial. However, during the guilty plea colloquy, the State provided the following factual bases for the guilty pleas:
Yes, Your Honor. If this matter had proceeded to trial, the State would prove beyond a reasonable doubt that the Defendant violated Louisiana Revised Statute 40:967(A) in that he did knowingly or intentionally possess with intent to distribute a controlled dangerous substance, to wit cocaine on or about August 17th of 2016.
For Count 2, the State would prove beyond a reasonable doubt that on or about August 17th of 2016 the Defendant violated Louisiana Revised Statute 14:95.1 in that he did have in his possession a firearm, to wit a Kel-Tec P-11 caliber 9 millimeter Luger handgun having been previously convicted of the crime of possession with intent to distribute marijuana in violation of Louisiana Revised Statute 40:966(A) under Case Number 04-4982 on August 20th, 2007, in Division A of the 24th Judicial District Court, Parish of Jefferson.
For Count 3, the State would prove beyond a reasonable doubt that the Defendant violated Louisiana Revised Statute 40:969(C) in that he did knowingly or intentionally possess a controlled dangerous substance, to wit tramadol on or about August 17th of 2016.
For Count 4, the State would prove beyond a reasonable doubt that on or about August 17th of 2016 the Defendant did violate Louisiana Revised Statute 40:966(A) in that he did knowingly or intentionally possess with intent to distribute a controlled dangerous substance, to wit marijuana.
Discussion[4]
In his counseled assignment of error, defendant argues the trial court erred in denying his motion to suppress evidence.[5] He contends the officers made an illegal, "pretext" stop of his vehicle because they were familiar with him, as it is highly unlikely that Detective Keenan Jackson observed him without a seat belt given the distance, time of day, and window tinting on his vehicle. Even assuming a valid stop, defendant contends the officers had no authority to search or question him or to search his vehicle solely based upon an alleged seat belt violation. He further claims the officers were not authorized to search or detain him for a period of time longer than reasonably necessary to issue *1246 a citation for the seat belt violation absent reasonable suspicion of additional criminal activity. Because the officers had no reasonable suspicion of criminal activity, defendant argues the officers' conduct was not reasonably related to the circumstances that justified the stop.
In defendant's pro se assignments of error, defendant additionally argues that Detective Jackson did not have authority to order him from his vehicle once stopped for the alleged seat belt violation. He also contends that the police officers violated La. R.S. 32:295.1 F[6] when they used the seat belt law as a basis for probable cause to stop and search defendant and his vehicle without additional evidence of ongoing criminal activity. Defendant argues that the mere backing up of his vehicle is not a specific articulable fact of ongoing criminal activity; therefore, the property seized was illegally obtained, without his consent, and pursuant to an illegitimate detention in violation of La. C.Cr.P. art. 215.1 D.[7]
The transcript, the waiver of rights form, the sentencing minute entry, and defendant's APCR seeking an out-of-time appeal reflect that defendant's guilty pleas were entered under Crosby. While a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, a plea under Crosby allows appellate review if, at the time the plea is entered, the defendant expressly reserves his right to appeal a specific adverse ruling in the case. State v. Turner, 10-995 (La. App. 5 Cir. 9/27/11), 75 So.3d 491, 492, writ denied, 11-2379 (La. 4/27/12), 86 So.3d 625. The record does not reflect the specific ruling defendant desired to preserve for review.
A defendant's failure to specify which pre-trial ruling he desires to reserve for appeal as part of a guilty plea entered under Crosby may limit the scope of appellate review, but does not preclude review altogether. State v. Joseph, 03-315 (La. 5/16/03), 847 So.2d 1196 (per curiam ). Absent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the Crosby reservation preserves review of those evidentiary rulings which "go to the heart of the prosecution's case," such as the denial of a motion to suppress, and not rulings that may affect the conduct of the trial but do not substantially relate to guilt, such as the denial of a continuance or severance. Joseph, 847 So.2d at 1196-97.
Considering the foregoing, we find that the denial of defendant's motion to suppress evidence is properly before this Court on appeal. State v. Kinard, 12-446 (La. App. 5 Cir. 11/27/12), 105 So.3d 974, writ denied, 12-2745 (La. 10/25/13), 124 So.3d 1090 ; State v. Clement, 11-1150 (La. App. 5 Cir. 9/11/12), 101 So.3d 460, writ denied, 12-2214 (La. 4/1/13), 110 So.3d 139 ; State v. Ramsey, 10-333 (La. App. 5 Cir. 1/25/11), 60 So.3d 36.
At the motion to suppress hearing, Detective Keenan Jackson of the Kenner Police Department testified that on August *1247 17, 2016, he and his partner, Officer John Frumveller, were on proactive patrol when he observed defendant traveling eastbound on Airline Drive without a seat belt.[8] Before the officers were able to effectuate the stop, defendant's vehicle pulled into a gas station parking lot, at which time the officers set up surveillance nearby. Upon running the vehicle's license plate, they discovered the driver of the vehicle to be Rickey Overstreet, defendant, whom Officer Frumveller knew from prior narcotics investigations.[9]
While conducting surveillance, they observed a female passenger exit the vehicle, enter the gas station, and return to the vehicle a few moments later. Detective Jackson testified that they again attempted to conduct their traffic stop for the seat belt violation once defendant started to exit the parking lot by following behind defendant's vehicle, which was about to turn onto Airline Highway. Defendant noticed them and immediately drove in reverse through the parking lot and pulled up to one of the gas station pumps. Detective Jackson testified that when he pulled up behind defendant's vehicle, defendant exited the vehicle as if he was going to flee on foot and he instructed defendant to get back into the vehicle. Detective Jackson then approached the vehicle and observed that defendant was "very nervous, sweating, shaking" and did not make eye contact. As a result, defendant and his passenger, Joy Franklin, were ordered to exit the vehicle.
Detective Jackson further testified that once defendant was out of the vehicle, he was "getting ready" to conduct a pat-down of defendant's person when defendant informed him that he had a "blunt" (marijuana cigar) in his pocket. Detective Jackson recovered the marijuana cigar from defendant's back pocket, placed defendant under arrest, and advised defendant of his Miranda [10] rights. A search of his person incident to arrest further revealed marijuana and pills later identified as Tramadol.[11] Detective Jackson asked defendant whether there was anything in the vehicle he should "be aware of" and defendant stated that there was a handgun inside the vehicle. The weapon was located inside the vehicle where defendant indicated and was secured. Detective Jackson then verbally asked defendant if they could search his vehicle, to which defendant consented.
Pursuant to defendant's consent, Detective Jackson testified that a search of the vehicle was performed and a clear plastic bag containing off-white, rock-like objects was recovered inside a compartment under the steering wheel and defendant's cell phone was seized from the vehicle's dashboard. Defendant was then transported to the Kenner Police Department where he was advised of his Miranda rights for a second time and executed a waiver of rights form.[12] A search warrant was also prepared and executed for the contents of defendant's cell phone.
*1248 Defendant's passenger, Ms. Franklin, testified that on the evening of August 17, 2016, defendant was wearing his seat belt. Ms. Franklin further testified that before defendant attempted to turn onto Airline Highway, she noticed that "them people" were following them. Defendant told her to "chill out. Just wait a minute; let's see," at which time defendant reversed his vehicle back into the parking lot to see if "they" were following them. Ms. Franklin denied ownership of the contraband found in defendant's vehicle.
At the conclusion of the hearing, defense counsel argued that it would have been impossible for Detective Jackson to have seen the alleged seat belt violation given his location, the time of day, and the position of defendant's vehicle at the time the violation was observed. Thus, without the seat belt violation to justify the stop, defense counsel argued the motion to suppress should be granted. Defense counsel further contended that there was an alleged temporal issue between the observance of the traffic violation and the actual stop. The trial court denied defendant's motion to suppress evidence and statement.
In a hearing on a motion to suppress evidence seized without a warrant, the State bears the burden of establishing the admissibility of evidence. La. C.Cr.P. art. 703 D. The trial court's denial of a motion to suppress is afforded great weight and its ruling will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Morton, 08-164 (La. App. 5 Cir. 7/29/08), 993 So.2d 651, 655 ; State v. Butler, 01-907 (La. App. 5 Cir. 2/13/02), 812 So.2d 120, 124. The credibility of witnesses at a suppression hearing is within the discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness, and such credibility determinations will not be reweighed on appeal. State v. Calvert, 01-826 (La. App. 5 Cir. 2/26/02), 811 So.2d 1081, 1084.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. State v. Leonard, 06-361 (La. App. 5 Cir. 10/31/06), 945 So.2d 764, 766. Warrantless searches and seizures are per se unreasonable unless justified by one of the exceptions to the warrant requirement. Id.
The right of law enforcement officers to stop and interrogate those reasonably suspected of engaging in criminal activity is recognized by La. C.Cr.P. art. 215.1, as well as by state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ; State v. Belton, 441 So.2d 1195, 1198 (La. 1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic violation has occurred. State v. Waters, 00-356 (La. 3/12/01), 780 So.2d 1053, 1056 (citing Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) ). The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer. Id."When an officer observes what he objectively believes is a traffic offense, the decision to stop the vehicle is reasonable, regardless of the officer's subjective motivation." State v. Hunt, 09-1589 (La. 12/1/09), 25 So.3d 746, 753.
La. R.S. 32:295.1 requires seat belt use by occupants of vehicles and a driver's failure to wear a seat belt constitutes reasonable cause for a stop.
*1249 State v. Jackson, 04-728 (La. App. 5 Cir. 12/14/04), 892 So.2d 71, writ denied, 05-548 (La. 01/9/06), 918 So.2d 1033 ; State v. Landry, 01-0784 (La. App. 4 Cir. 12/12/01), 804 So.2d 791 ; Hunt, supra. Prior to 2000, failure to wear a seatbelt was a "secondary offense," meaning that a police officer could not stop a vehicle for that violation alone, but had to have cause which was an ordinary offense, after which a seatbelt violation could be cited. In 1999, the legislature removed language prohibiting police officers from stopping a vehicle solely on the basis of a seat belt violation, indicating the legislature's intent to allow police to stop vehicles and issue citations for that violation alone. See 1999 La. Act 1344.
Detective Jackson testified that he clearly observed defendant driving his vehicle without wearing a seat belt. We find the initial stop was justified and find no error in the trial court's conclusion that Officer Jackson had a clear and unobstructed view of defendant's seat belt violation. Furthermore, defendant's contention that the police officers made a "pretext" stop based upon their familiarity with defendant and not because of an alleged seat belt violation is lacking in merit as the alleged true intent of the officer is not to be considered. Whren v. U.S., supra ; Hunt, supra. Moreover, the evidence established that defendant was issued a traffic citation for the seat belt violation.
Once an officer has lawfully stopped a vehicle for a traffic violation, he is authorized to order the driver (as well as passengers) out of the vehicle pending completion of the stop. Maryland v. Wilson, 519 U.S. 408, 415, 117 S.Ct. 882, 886, 137 L.Ed.2d 41 (1997) ; Hunt, 25 So.3d at 753-54 ; State v. Benoit, 01-2712 (La. 5/14/02), 817 So.2d 11, 15 ; State v. Smith, 07-815 (La. App. 5 Cir. 3/11/08), 982 So.2d 821, 825, writ denied, 08-927 (La. 11/14/08), 996 So.2d 1088 ; State v. Jackson, 04-728 (La. App. 5 Cir. 12/14/04), 892 So.2d 71, 75, writ denied, 05-548 (La. 01/9/06), 918 So.2d 1033.
Considering defendant's behavior and demeanor prior to and during the traffic stop in the parking lot, Detective Jackson had authority to order defendant and his passenger to exit the vehicle pending completion of the stop.
After a traffic stop, an officer may conduct a protective frisk of the person if he reasonably suspects he is in danger. La. C.Cr.P. art. 215.1 B; State v. Bellow, 07-824 (La. App. 5 Cir. 3/11/08), 982 So.2d 826, 830 ; State v. Cowart, 03-880 (La. App. 5 Cir. 11/25/03), 862 So.2d 225, 231. It is well known that drug activity creates a dangerous environment and that there is a close association between narcotics and weapons. State v. Haywood, 00-1584 (La. App. 5 Cir. 3/28/01), 783 So.2d 568, 576 ; State v. Fortier, 99-0244 (La. App. 4 Cir. 1/26/00), 756 So.2d 455, 461, writ denied, 00-0631 (La. 9/22/00), 768 So.2d 1285.
Prior to conducting the traffic stop, Detective Jackson and Officer Frumveller had knowledge that defendant was the subject of prior narcotics investigations. Therefore, Detective Jackson testified that he was preparing to conduct a pat-down of defendant's person once he was outside the vehicle, when defendant informed him that he had a marijuana cigar in his pocket.
Even without defendant's spontaneous voluntary admission regarding the marijuana cigar in his pocket, Detective Jackson had reasonable suspicion to conduct a protective frisk of defendant's person. Defendant's behavior of reversing through the parking lot upon seeing the officers, his attempted flight, and his general demeanor upon approach by Detective Jackson, coupled with his known *1250 criminal history, warranted Detective Jackson's protective frisk of defendant.
Once the marijuana cigar was recovered, Detective Jackson had probable cause to arrest defendant for possession of marijuana. Defendant was placed under arrest and advised of his Miranda rights. After indicating he understood his rights, defendant informed Detective Jackson that there was a handgun in the vehicle between the driver's seat and the center console.[13] The weapon was located and secured. "If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person." La. C.Cr.P. art. 215.1 C. Having knowledge of defendant's criminal background, defendant was also arrested for felon in possession of a firearm.
A search of the defendant is legal if there is probable cause for his arrest. State v. Surtain, 09-1835 (La. 3/16/10), 31 So.3d 1037. A search incident to arrest revealed defendant's illegal possession of Tramadol and marijuana, which were validly seized.[14]
Detective Jackson then verbally asked defendant for his consent to search his vehicle, to which defendant agreed. Pursuant to the search of defendant's vehicle, cocaine was recovered. A warrantless search conducted pursuant to a valid consent is permitted by both the United States and Louisiana Constitutions. State v. Strange, 04-273 (La. 5/14/04), 876 So.2d 39 ; State v. Raheem, 464 So.2d 293 (La. 1985) ; State v. Williams, 38,379 (La. App. 2 Cir. 11/25/03), 858 So.2d 878, writ denied, 03-3535 (La. 3/12/04), 869 So.2d 807 ; State v. Crews, 28,153 (La. App. 2 Cir. 5/8/96), 674 So.2d 1082. When the State relies on consent to justify a warrantless search, it has the burden of proving the consent was given freely and voluntarily. State v. Taylor, 04-90 (La. App. 5 Cir. 5/26/04), 875 So.2d 962, 967, writ denied, 04-1649 (La. 11/19/04), 888 So.2d 193. Oral consent is sufficient, and written consent is not required. State v. Ossey, 446 So.2d 280, 287 fn.6 (La. 1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). The voluntariness of defendant's consent to search his vehicle was not challenged at the hearing on the motion to suppress; moreover, defendant does not contest the voluntariness of his consent to search his vehicle on appeal.[15]
Based on the foregoing, we find no error in the trial court's denial of defendant's motion to suppress the evidence.
Errors Patent Review
The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). The following errors patent requires correction.
*1251 The sentencing transcript reflects that after imposition of the sentences on the felony offenses in this case, and the misdemeanor charge not before this Court, the trial court advised defendant that he would be responsible for "the fines and fees set forth on the schedule of fines and fees, including $150 in each case." The trial court then set forth in detail the fines and fees "in each case" as follows:
Clerk of Court, $50; Public Defender fee, $150; transcript fee, $2; DA fee, $20; building fee, $49; Crime Stopper, $2; CMIS, $3; Judicial College, 50 cents. All other fines and fees are waived . Fines and fees are payable in full within 60 days. Immediately upon your release, you need to report to the collections department, okay. (Emphasis added.)
In calculating the fees imposed in this case, it appears that defendant owes a total of $276.50; however, the felony schedule of fines and fees as well as the payment plan set forth in the record indicate a total balance owed of: $1,819.00.[16] Because the amount owed as set forth in the fines and fees form and payment plan do not match the fees actually imposed by the trial court, we remand the matter to the trial court for clarification of the fines and fees owed.
Conclusion
For the reasons stated herein, we affirm defendant's convictions and sentences and remand with instructions consistent with this opinion.
AFFIRMED; REMANDED WITH INSTRUCTIONS

This Court found the writ application untimely as to defendant's challenge to the trial court's denial of the motions to suppress and as to the trial court's granting of the State's 404B motion, this Court found the text messages were independently relevant to establishing defendant's intent and guilty knowledge and that the probative value of the extraneous evidence outweighed its prejudicial effect.

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

On the same date, defendant also pled guilty to a misdemeanor seat belt violation under a separate case number which is not before this Court on appeal.

Due to the overlapping nature of defendant's pro se assignments of error and his counseled assignment of error, these assignments will be addressed simultaneously in a single discussion.

On appeal, defendant does not argue as to the motion to suppress statement.

La. R.S. 32:295.1 F provides: "Probable cause for violation of this Section shall be based solely upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by this Section. A law enforcement officer may not search or inspect a motor vehicle, its contents, the driver, or a passenger solely because of a violation of this Section."

La. C.Cr.P. art. 215.1 D provides: "During detention of an alleged violator of any provision of the motor vehicle laws of this state, an officer may not detain a motorist for a period of time longer than reasonably necessary to complete the investigation of the violation and issuance of a citation for the violation, absent reasonable suspicion of additional criminal activity."

Detective Jackson testified that he observed the seat belt violation while standing on the north side of Airline Drive facing westbound assisting a fellow officer with a stop, despite the tint on the vehicle's windows.

Detective Jackson testified that they elected to wait to conduct the traffic stop for the seat belt violation until defendant was no longer in the parking lot of the gas station where there were other people around. Officer Frumveller also confirmed that for officer safety and the safety of the public he does not typically conduct traffic stops in parking lots.

Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Defendant was issued a traffic citation for the seat belt violation.

Defendant also executed a consent to search his person at which time a buccal swab was obtained.

The execution of a waiver form or failure to record a custodial statement is not a requisite under the law for the admissibility of a confession or incriminating statement. State v. Navarre, 302 So.2d 273, 275 (La. 1974).

It is unclear from the transcript whether the marijuana and Tramadol were found pursuant to the search incident to arrest of defendant for the marijuana cigar or the firearm. Regardless of the timing, the search of defendant's person was conducted after defendant's lawful arrest on one or more charges.

In his second pro se assignment of error defendant states "once the investigation had concluded concerning the traffic violation, he did not have consent for the ensuring [sic] search." Defendant does not expound upon this vague reference to a lack of consent to search the vehicle. This Court considers this assignment of error or argument as abandoned because it was not briefed. U.R.C.A., Rule 2-12.4 B(4); See also State v. Tranchant, 10-459 (La. App. 5 Cir. 11/23/10), 54 So.3d 730, writ denied, 10-2821 (La. 4/29/11), 62 So.3d 108.

The sentencing minute entry does not contain any reference to the fees imposed.